### William Arnold *v.* The State.

1. Swindling — Indictment.— The enactment of March 26, 1881, commonly called the "Common-Sense Indictment Act," dispenses, in indictments for swindling, with the previously required averments of the falsity of the pretenses and the guilty knowledge of the accused. Therefore, those averments are not necessary in an indictment for swindling presented since that act took effect.

#### On Rehearing.

2. Same.— The "Common-Sense" Indictment Act is not retroactive, and does not cure defects in indictments which were presented prior to the time when said enactment took effect.

Appeal from the District Court of Navarro. Tried below before the Hon. L. D. Bradley.

The indictment was presented in January, 1881, and charged that the appellant represented himself to be the owner of two work-oxen, and thereby induced A. J. Bell to sell and deliver to him a certain horse, and to accept a mortgage on the oxen as security for the price of the horse. Appellant was found guilty, and a term of two years in the penitentiary was assessed as his punishment.

There is no statement of facts in the record.

*J. F. Stout,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

Hurt, J. The appellant was convicted of swindling.

1. The indictment fails to charge that appellant knew the pretenses were false, or that they were knowingly made. 2. The indictment does not allege by direct averment that the pretenses *were false* or untrue. These omissions have been held by a number of decisions to be fatal to the sufficiency of the indictment.

The indictment in this case, however, was presented since the passage of "An act to prescribe the requisites of indictments in certain cases." The requisites prescribed in this act for swindling are that the accused did falsely represent to ——— that he had property, and by

means of such false representations did obtain from said ———— money, goods, or valuable writing, with intent to appropriate it to his own use. The indictment in this case, tested by the requisites of this form, is sufficient; the prerequisites therein being all contained in this indictment. A majority of this court holding that an indictment for this offense which meets the requirements of this form is sufficient, and as this indictment does that, the court below did not err in not arresting the judgment.

There is in the record neither a statement of facts nor a charge of the court; hence the other supposed errors cannot be revised. The judgment is affirmed.

[After the above opinion was rendered, the appellant's counsel moved for a rehearing on the ground, in substance, that the indictment was presented before the " Common-Sense " Indictment Act took effect. That enactment was not an emergency act, and did not take effect until ninety days after April 1, 1881, when the 17th Legislature adjourned. The motion for a rehearing was granted, and elicited the following opinion.— REPORTERS.]

HURT, J. This motion for rehearing is granted. We were laboring under the belief that the indictment was presented subsequent to the last act of our Legislature on the prerequisites of indictments. This was a mistake. This indictment was presented before this act went into effect, and its sufficiency must be tested by the law in force at the time of its presentation. If not sufficient then, the passage of an act subsequent thereto, under which this indictment would be held good, does not relate back and cure that which was defective when presented.

The defects of the indictment are pointed out in the opinion in which the judgment was affirmed. The motion for rehearing is granted, and upon the merits the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*